## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORHERN DIVISION

ANGELA RICHARDSON                                                    PLAINTIFF
ADC #712575

V.                              NO. 3:26-cv-00019-KGB-ERE

S. LUSTER and
KALEMA WATSON                                                        DEFENDANTS

### ORDER

*Pro se* plaintiff Angela Richardson, an Arkansas Division of Correction ("ADC") inmate, filed this 42 U.S.C. § 1983 case. *Doc. 2*. This Order identifies problems in the complaint and gives her the opportunity to file an amended complaint.

### I.    Complaint Deficiencies

Ms. Richardson's complaint alleges that, in March 2025, Think Legacy Program Instructor S. Luster and Captain Kalema Watson retaliated against her for exercising her First Amendment rights and discriminated against her based on her race. Specifically, she asserts that: (1) Defendant Luster improperly moved her to a top bunk and assigned white inmates to lower bunks after Ms. Richardson raised a complaint against her fellow inmates; and (2) Defendant Watson improperly removed her from the Think Legacy Program after she drafted an affidavit complaining about Defendant Luster's conduct. Although she arguably stated First and Fourteenth Amendment claims against Defendant Luster, and a First Amendment claim against

Defendant Watson, Ms. Richardson goes on to describe Defendant Watson's history of retaliatory conduct against her. She sues the Defendants in both their individual and official capacities seeking monetary and injunctive relief.

Ms. Richardson may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). Instead, Ms. Richardson must choose which related claims she wishes to pursue in her case. She is free to pursue unrelated claims by filing one or more new lawsuits. The Court will delay the screening process[1] to give Ms. Richardson an opportunity to file an amended complaint clarifying her constitutional claims.

## II.    Guidelines for Filing Amended Complaint

Ms. Richardson has thirty days to file an amended complaint. If Ms. Richardson files an amended complaint, she should specifically: (1) select which

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion hereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making her determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

related claims that she seeks to pursue in her lawsuit; (2) identify and name as a Defendant each individual who allegedly participated in that constitutional violation; and (3) describe any injury she suffered as a result of each Defendant's alleged unconstitutional conduct.

Ms. Richardson's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Ms. Richardson should make sure that her amended complaint includes all allegations relevant to any claim she wants to pursue in her lawsuit. Ms. Richardson should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Ms. Richardson's amended complaint, if filed, will stand alone.

Finally, the amended complaint need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that she may rely on later to prove her claim.

## III.    Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1.      Ms. Richardson may file an amended complaint within thirty (30) days of the entry of her Order.

2.      If Ms. Richardson fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal, without prejudice, of some of the claims raised in her case.

3.      The Clerk is instructed to provide Ms. Richardson a blank 42 U.S.C. § 1983 complaint form, along with a copy of her Order.

Dated 16 January 2026.


_____
UNITED STATES MAGISTRATE JUDGE